

# HAMRA LAW GROUP, PC.
1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

KEVIN JOHNSON, ESQ.  T: 646.590.0571
KJOHNSON@HAMRALAWGROUP.COM  F: 646.619.4012

July 19, 2022

<u>VIA ECF:</u>
Hon. Jesse M. Furman District Judge
SDNY Thurgood Marshall
US Courthouse 40 Foley Square
New York, NY 10007

To Your Honor:

RE:     Perez v. Perdomo Jr., et al.
        Case No. 1:22-cv-00722-JMF

## JOINT LETTER MOTION PURSUANT TO <u>CHEEKS</u>

This office represents Plaintiff in the above captioned action brought under the FLSA. The parties to the above captioned matter hereby jointly seek to notify the Court that they have agreed to settle the above Action brought under the Fair Labor Standards Act (FLSA) for $19,000.00 and seek the Court's approval of the Settlement Agreement in accordance with <u>Cheeks v. Freeport Pancake House, Inc</u>, 796 F.3d 199 (2d Cir. 2015). The parties respectfully request that the Court approve the Settlement Agreement, attached hereto as *Exhibit A,* and allow the parties to discontinue the matter with prejudice pursuant to F.R.C.P. Rule 41.

Plaintiff's counsel also seeks the Court's approval of attorneys' fees totaling $6,333.33 (1/3 of the total settlement) and reimbursement of costs in the amount of $481.00 expenses. Plaintiff's counsel submits the retainer agreement with Plaintiff as *Exhibit B* and counsel's billing records as *Exhibit C*.

As explained in further detail below, the parties respectfully state that the proposed Settlement Agreement is fair, reasonable, and equitable.

### Background

Plaintiff's federal Fair Labor Standards Act ("FLSA") claims allegedly arose out of work performed by Plaintiff for Defendants' company "Perdomo Builders, LLC," where Plaintiff contends he worked as a designer from approximately May 2021 until December 2021. The company is located in Manhattan, New York. Plaintiff brought this action against Defendants seeking redress for Defendants' alleged failure to provide minimum wage, overtime wages, spread of hours and failure to provide proper statements with each payment of wages. Plaintiff's duties allegedly included consultation with clients and design work associated with the renovation, construction,



# HAMRA LAW GROUP, PC.
1 Linden Place, Ste. 207, Great Neck, NY 11021
Web: Www.Hamralawgroup.Com

Kevin Johnson, Esq.  
kjohnson@Hamralawgroup.com

T: 646.590.0571  
F: 646.619.4012

rehabilitation, redesign, and other related work contracted by the clients of Defendants. Plaintiff contends he complained about the hours worked and lack of reimbursement for the overtime hours and work-related materials purchased by the Plaintiff. Plaintiff alleges Defendants failed to pay Plaintiff an amount equal to the minimum wage for the first forty (40) hours of work. Plaintiff contends he was expected to work and worked more than forty (40) hours per week but was not compensated at a rate of one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week. Plaintiff believes he is entitled to be paid an additional hour's pay at the basic minimum hourly wage for everyday or shift that he worked a ("spread of hours") that exceeded ten (10) hours, pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4. Furthermore, Plaintiff alleges Defendant Orlando Perdomo. Jr. exercised sufficient control over Perdomo Builders, LLC's day to day operations as to be considered employer of Plaintiff under the FLSA and New York Labor Law. All of these positions and contentions are disputed by Defendants in their entirety.

The issues of concern and risk in pursuing the action to trial, and Defendants' defenses to Plaintiff's claims, were presented at a mediation on June 16, 2022. On that day, counsel for all Parties negotiated a settlement of $19,000.00, which accounted for the claims of Plaintiff and the claims submitted by Defendants while recognizing Defendants' defenses presented great risk for Plaintiff in pursuing this action to trial.

Specifically, Defendants contended Plaintiff's employment was subject to a professional employee exemption under the FLSA. Under this exemption, the employee must be compensated on a salary or fee basis at a rate not less than $684.00 per week. Further, the employee's primary duty must be in performance of work requiring imagination, originality or talent in a recognized field of artistic or creative endeavor. Graphic Arts are a recognized field of an artistic or creative endeavor. Since Plaintiff received $900 per week and was a graphic designer, Defendants could raise the defense that the Plaintiff was an exempt employee, and it was not required to pay him any overtime wages. Therefore, given the uncertainty of litigation, the likelihood of Defendants' successful defense of Plaintiff's overtime and minimum wage allegations, and most importantly, to avoid the increased cost of litigating this case to trial, the parties agree that the proposed amount set forth in the Settlement Agreement is fair and reasonable.

## The Proposed Settlement Should Be Approved

The attached proposed Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendant's alleged violations of Federal and state wage and hour laws. Plaintiff will recover an amount that is more than likely the amount

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, STE. 207, GREAT NECK, NY 11021
WEB: WWW.HAMRALAWGROUP.COM

KEVIN JOHNSON, ESQ.  
KJOHNSON@HAMRALAWGROUP.COM

T: 646.590.0571  
F: 646.619.4012

he would have received had this case proceeded to a trial and reflects the desire of the Defendant to avoid the expense of discovery and a likely trial. The Plaintiff has been informed of the terms of the settlement including the overall amount to be paid by Defendant and there have been no objections to the settlement.

Plaintiff is represented by competent counsel and the settlement amount constitutes a not insignificant portion of what Plaintiff may be entitled to should he prevail at trial. Likewise, Defendant is represented by competent counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. As noted above, the parties have engaged in discovery efforts, and have gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (Courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.")(citation and internal quotations omitted). Indeed, there have been informal conversations by counsel for both sides with Plaintiff and Defendant's counsel.

Furthermore, settling this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associates with Defendant, coercion is unlikely. See, Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC. 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims … for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.")(internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483. 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 **(W.D .N.Y.** Jan. 30, 2013).

Additionally, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendant explicitly denies any wrongdoing, and has no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendant's lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

# HAMRA LAW GROUP, PC.

1 Linden Place, Ste. 207, Great Neck, NY 11021
Web: Www.Hamralawgroup.Com

Kevin Johnson, Esq.                                                                                            T: 646.590.0571
kjohnson@Hamralawgroup.com                                                                    F: 646.619.4012

Lastly, the parties agree that the settlement amount is a reasonable compromise of all parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110. 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

Accordingly, the parties respectfully request judicial approval of the parties' proposed settlement agreement, and request to be allowed to submit a stipulation of dismissal with prejudice consistent with the requirements of FRCP Rule 41(1) (a) (ii).

### Plaintiff's Attorneys' Fees

The Settlement Agreement's apportionment of $481.00 in costs to Plaintiff's counsel, in addition to $6,333.33 to Plaintiff's counsel as attorney's fees (for a total of $6,814.33), is reasonable. See *Rangel v. 693 Grand St. Meat & Produce Corp.*, No. 13 CV 3234(LB), 2013 WL 5308277 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.") (internal citation omitted). One-third of the settlement net of costs for attorney's fees, in addition to costs themselves, is consistent with Plaintiff's consensual representation agreement with his attorney. ***Exhibit B, Retainer Agreement***.

Furthermore, the amount is reasonable given the hours billed by Plaintiff's counsel, which totals $5,142.56. See ***Exhibit C, Billing Records***. Counsel for Plaintiff, at the time of retention, routinely charged $350.00 to $400.00/hour of work expended on FLSA, when acting as defense counsel, and have produced billing records indicating those rates typical for the firm; in this case, that is $350.00. Plaintiff submits the below qualifications of counsel, justifying a calculation of lodestar at this rate.

I am a junior partner at counsels' firm, Hamra Law Group, P.C. I graduated New York Law School with my J.D. in February 2011 and was admitted to practice in the State of New York in May 2013, and the Southern and Eastern Districts of New York later that same year. I have been litigation actions in the State and Federal Districts of New York from the beginning, in various areas of practice including FLSA claims, New York Labor Law, personal injury, medical malpractice, amount others. I have previously, before joining the Hamra Law Group, P.C. as a senior associate, litigated wage and hour actions as counsel for plaintiffs and defendants with prior law firms.

Wherefore, the Parties respectfully request the Court grant the within motion in its entirety and further thank the Court for its time and attention to this matter.

Respectfully Submitted,

*Kevin S. Johnson*

Kevin Johnson, Esq.

**CC VIA EMAIL/ECF:**
Vincent F. Spata Esq.
1275 74th Street
Brooklyn, NY 11228
New York, NY 10017
718-614-2127
spataesq@aol.com

Fred Mendicino, Esq.
21355 Ridgetop Circle, Suite 110
Dulles, VA 20166
571-434-7596
Mendicino@fm-lawfirm.com

James J. Faughnan, Esq.
21355 Ridgetop Circle, Suite 110
Dulles, VA 20166
571-434-7595
Faughnan@fm-lawfirm.com